## HERNÁNDEZ *v.* LA CORTE DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari*.

No. 73.—Resuelto en mayo 2, 1911.

CERTIORARI—ORDENES INAPELABLES—ORDEN DENEGANDO UN NUEVO JUICIO EN CASOS PROCEDENTES DE LAS CORTES MUNICIPALES.—Son inapelables las resoluciones que dictan las cortes de distrito denegando o concediendo un nuevo juicio en casos apelados de las cortes municipales, pues de acuerdo con el párrafo 2 del artículo 295 del Código de Enjuiciamiento Civil, solamente procede el recurso de apelación para ante el Tribunal Supremo contra las sentencias dictadas por las cortes de distrito en virtud de apelación interpuesta contra resolución de una corte inferior.

ID.—CUESTIÓN DE JURISDICCIÓN—NUEVO JUICIO.—No procede el recurso de *certiorari* para que el Tribunal Supremo revise una orden de una corte de distrito denegando una moción de nuevo juicio en un caso procedente de una corte municipal, y cuya denegatoria se funda en la apreciación hecha por la corte de distrito de los hechos sometidos a su consideración mediante declaraciones juradas y una exposición del caso.

Los hechos están expresados en la resolución.
El peticionario compareció en nombre propio.

RESOLUCIÓN.

La presente es una solicitud de Agustín Hernández Mena, con súplica de que se expida y dirija a la Corte de Distrito de Mayagüez un auto de *certiorari,* para que eleve a esta Corte Suprema los autos originales en el caso de *Agustín Hernández Mena* v. *Víctor P. Martínez* sobre cobro de dinero, y por el mérito de las razones invocadas en dicha solicitud, se revoque y anule la resolución dictada por aquella corte en 16 de marzo último, denegatoria de la celebración de un nuevo juicio, disponiendo que éste se celebre a virtud de las causas alegadas.

De las alegaciones del peticionario resulta que Agustín Hernández Mena presentó demanda ante la Corte Municipal de Mayagüez contra Víctor P. Martínez, en cobro de dinero, y que el demandado estableció reconvención reclamando al demandante doscientos dollars, en concepto de honorarios,

por servicios profesionales que le había prestado en el caso de *Agustín Hernández Mena* v. *Leopoldo Cabassa y Picá* y *Antonio Cabassa,* sobre nulidad; que dicha corte municipal dictó sentencia por la que declaró con lugar la demanda y la reconvención, cuya sentencia fué apelada· para ante la Corte de Distrito de Mayagüez, la que por la suya de 14 de febrero último declaró sin lugar la demanda y con lugar la reconvención; que el demandante solicitó nuevo juicio por las causas tercera y quinta del artículo 221 del Código de Enjuiciamiento Civil; y que la moción fué desestimada por orden de 16 de marzo citado, por no aparecer que no pudo descubrir y presentar oportunamente las pruebas que ofrecía, y porque aún admitidas esas pruebas, no habría que variar la sentencia.

El recurso de *certiorari,* a que ha acudido Hernández Mena para obtener la anulación de la orden expresada, es claramente improcedente, aunque admitimos que tal orden no es apelable, según afirma el peticionario.

El presente recurso no envuelve cuestión alguna de jurisdicción o procedimiento, sino que va encaminado directamente a combatir una resolución que la corte inferior ha dictado, apreciando los hechos sometidos a su consideración, mediante declaraciones juradas y escrito de exposición del caso. Semejante apreciación no puede ser discutida por nosotros mediante un *certiorari;* el cual no se ha establecido para hacer las veces de un recurso por causa de error o de apelación, como ya digimos al resolver los casos de *Hortensia Arribas* v. *Pedro Mirandés y la Corte de Distrito de Ponce,* y de *Eduardo Barreras y otros* v. *Pedro de Aldrey, Juez de Distrito del Distrito Judicial de Arecibo,* decididos, respectivamente, en 7 de diciembre de 1905, 17 de febrero de 1906. (Véase la Ley para autorizar autos de *certiorari,* aprobada en 10 de marzo de 1904.)

El Código de Enjuiciamiento Civil en el número 2º. del artículo 295 sólo otorga recurso de apelación para ante el Tribunal Supremo contra las sentencias que dicten las cortes de distrito en virtud de apelación interpuesta contra resolu-

ción de una corte inferior, y no contra las providencias que en esas condiciones dicten concediendo o denegando un nuevo juicio; y esa voluntad de la Legislatura limitando las apelaciones, quedaría burlada o frustrada si para suplir la falta de un recurso de apelación, admitiéramos con el mismo fin que éste, el recurso de *certiorari.*

Por las razones expuestas debe denegarse la solicitud pidiendo libramiento de auto de *certiorari.*

Se desestima dicha solicitud.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf, del Toro y Aldrey.