SALVADOR FULLADOSA Y SOUFFRONT, recurrente y apelante, *v.* LA CORTE MUNICIPAL DE MAYAGÜEZ.

No. 4755.—*Sometido:* Noviembre 16, 1928. *Resuelto:* Febrero 14, 1929.

*Genaro Alliery* y *L. Tormes,* abogados del apelante; *A. Ramírez Silva, abogado de la apelada.*

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Eloy González Villalta, como elector inscrito en el municipio de Mayagüez, solicitó de la Junta Insular de Elecciones de Puerto Rico que se excluyera de las listas electorales de inscripciones hechas en 1920 del municipio de Mayagüez, el nombre de Salvador Fulladosa Souffront, como elector, por no haber votado en 1924. Presentó una contra-declaración el elector del mismo municipio Tomás Ramírez Cuerda, alegando constarle que Fulladosa presentó excusa y la Junta Insular de Elecciones la resolvió favorablemente. La junta citada denegó la exclusión; y el peticionario González Villalta, apeló de la resolución denegatoria, para ante la Corte Municipal de Mayagüez, notificando la apelación a la Junta Insular de Elecciones, la que remitió el caso a la referida corte, que fijó día para oírlo, ordenando la notificación a las partes interesadas, y haciéndose tal notificación a Tomás Ramírez Cuerda, y a la Junta Insular de Elecciones. Se oyó el caso por la corte municipal, el 28 de julio de 1928, compareciendo el apelante Eloy González, personalmente y con su abogado, el contra-recusador, personalmente, y el elector recusado Salvador Fulladosa Souffront, representado por su abogado Emilio Forestier Gregory. Y la corte, después de oír la prueba, declaró con lugar la recusación, y ordenó al Superintendente General de Elecciones que excluyera el nombre de Fulladosa como elector. Éste presentó

ante la Corte de Distrito de Mayagüez una petición de *certiorari* contra la corte municipal ya citada y su Juez Gilberto López de Victoria; se expidió el auto ordenando el envío de los autos originales; fué esta orden cumplimentada; y oído el caso por la Corte de Distrito de Mayagüez dictó ésta su sentencia, a la que se une la opinión declarando sin lugar la solicitud de *certiorari*. Contra esta sentencia se ha apelado ante este tribunal.

La parte apelante ha señalado cinco errores. El primero es como sigue:

"1. Cometió error la corte inferior al considerar que el recurso de apelación interpuesto por cierto Eloy González contra resolución de la Junta Insular de Elecciones negándose a borrar del Registro de electores correspondiente al Precinto de Electores de Mayagüez, era procedente y quedó perfeccionada con la sola notificación hecha a la Junta Insular de Elecciones y sin haberse notificado para nada al peticionario-apelante que era la persona a quien se perjudicaba con dicha apelación."

No existe el error que se señala.

Del récord aparece la sentencia dictada por la corte municipal. Su texto es como sigue:

"El día 28 de julio de 1928, fecha señalada por esta Corte para la vista del juicio en este caso, comparecieron el recusador y apelante Eloy González, personalmente y asistido de su abogado Ledo. Pedro Baigés Gómez; el elector recusado Salvador Fulladosa S. del barrio Candelaria, del precinto electoral de Mayagüez, representado por su abogado Emilio Forestier Gregory, y también compareció personalmente el contra-recusador.

"La Junta Insular de Elecciones no compareció a pesar de aparecer del récord de este caso que la misma había sido debidamente notificada.

"La Corte, luego de anunciar a las partes que se trataba de un juicio nuevo y de que podrían ofrecer y practicar toda la prueba que legal y pertinentemente correspondiente a este caso, procedió a oír la prueba ofrecida por ambas partes, el recusador y apelante, el elector recusado y el contra-recusador, reservándose su resolución hasta el día de hoy en que declara que la Ley y los hechos están en favor del recusador-apelante y en contra del elector recusado y por

tanto declara con lugar dicha recusación y ordena al Superintendente General de Elecciones de Puerto Rico que inmediatamente y sin excusas de clase alguna proceda a excluir el nombre del elector Salvador Fulladosa S. del barrio Candelaria del Municipio de Mayagüez de las listas electorales correspondientes a dicho Municipio de Mayagüez.

"Notifíquese esta sentencia a la Hon. Junta Insular de Elecciones, al Superintendente General de Elecciones de Puerto Rico, y a todas las partes que pudieran tener interés en la misma." (Folios 13 y 14 de la transcripción.)

Del folio 14 de la transcripción aparece la diligencia de notificación a todas las partes.

El elector recusado Salvador Fulladosa, según resulta del récord, tuvo intervención en el juicio en apelación, fué oído, intervino en la prueba y fué notificado de la sentencia.

Y en lo que toca a la jurisdicción de la corte municipal, la adquirió conforme al artículo o sección 32 de la Ley Electoral, enmiendas de 1924, por la notificación de la apelación al Superintendente de Elecciones, que es el requisito allí exigido.

El caso de *Padilla* v. *Corte de Paz de Maricao*, 35 D.P.R. 306, que por el apelante se cita, no es igual al que ahora resolvemos, y no es aplicable. En el caso presente el aquí apelante Fulladosa tuvo oportunidad para intervención en la vista, compareció en ella por su abogado, intervino en la prueba, y fué notificado de la resolución. En el caso Padilla no sucedió lo mismo.

■ Se sostiene como segundo error el que la corte consideró que el ahora apelante había comparecido ante la corte municipal representado por su abogado el Sr. Forestier, y se había sometido a la jurisdicción, siendo así que del récord no aparece documento alguno que acredite tal comparecencia en representación del apelante.

Vista la sentencia de la corte municipal (folio 13, récord) y la notificación que de ella se hizo al abogado Sr. Forestier, como representante de Salvador Fulladosa (folio 14, récord) se hace insostenible este señalamiento de error. En un caso de *certiorari,* como el presente, la corte tiene como

materia de hecho a considerar, la que aparece del *return*, sin que quepa que busque otros hechos, o se lance a hipótesis que no tendrían justificación.

■ En cuanto al tercer señalamiento de error, fúndase el apelante en que el caso de apelación de Eloy González contra la Junta Insular de Elecciones no se pudo incluir en calendario sin el previo pago de los derechos exigidos por la Ley No. 17 de 1915. Hemos visto esta Ley, y podemos preguntarnos en qué sección o artículo de la misma se exigen tales derechos. No hay en ella caso alguno de apelación ante las cortes municipales. Y, como con gran acierto y sano criterio, sostiene la representación del apelado, Sr. López de Victoria, exigir en estas apelaciones ante las cortes municipales el pago de derechos, sería establecer una desigualdad en favor de aquellos que apelan ante una corte de paz, y en daño de los que tienen que apelar ante una corte municipal, ya que en aquéllas no se pagan derechos de clase alguna.

■ El cuarto señalamiento de error aparece formulado como sigue:

"4. Cometió error la corte inferior al considerar que la Corte Municipal de Mayagüez adquirió jurisdicción sobre la materia del caso, tratándose como se trataba de una solicitud de exclusión por el fundamento de no haber votado el peticionario en las elecciones de 1924, cuyo fundamento de exclusión no está comprendido en la sección 30 de la Ley Electoral vigente, tanto más cuanto el apelante había sido excusado por la Junta Insular de Elecciones por no haber votado en las elecciones de 1924 y esa resolución que pudo ser apelada para ante la Corte de Distrito de San Juan de acuerdo con la sección 20 de la Ley Electoral vigente, adquirió el carácter de firme."

La sección 30 de la Ley Electoral da derecho a los que figuran como electores inscritos en un municipio, a pedir la exclusión de electores de dicho municipio si tienen razón para creer que figuran indebidamente inscritos. Entre los motivos que allí se señalan para la exclusión se halla el de no

reunir la persona las condiciones exigidas por la ley para ser elector en el municipio.

La sección 16 de la Ley de Elecciones, que se cita por el apelante, es como sigue:

"El voto será obligatorio; y toda persona inscrita como elector el día de las elecciones tendrá la obligación de votar en el precinto y colegio al cual perteneciere su inscripción en dichas elecciones; y si dejare de hacerlo quedará privado del derecho del sufragio en las dos elecciones subsiguientes; *Disponiéndose, sin embargo,* que nada de lo contenido en esta Ley se interpretará en el sentido de que cualquier persona quedará privada del derecho al sufragio por no haber votado en las elecciones celebradas en dos de noviembre de 1920, y todas las penas o responsabilidades que recayeren sobre cualquier persona por dicha razón quedan por la presente sin efecto."

Esta asignación de error tiene por base, no el mejor derecho del posible elector a que se le incluyera en la lista, sino, como se expresa claramente por el apelante, el hecho de que la corte adquiriera jurisdicción sobre la materia del caso, por un fundamento de exclusión que se afirma no estar incluido en la sección 30 de la Ley Electoral vigente. Éste es, esencialmente, el fundamento del cuarto señalamiento de error.

El procedimiento utilizado por el apelante en este caso, es el del *certiorari* clásico, basado en materia de jurisdicción, o de procedimiento. La petición presenta como fundamentos los de falta de jurisdicción en la corte municipal por falta de notificación de la apelación al ahora recurrente, falta de notificación del señalamiento de la vista, falta de pago de los derechos de arancel, insuficiencia de fundamentos para la exclusión, y carencia en el peticionario de otro remedio propio y eficaz en ley. (Páginas 2, 3 y 4 de la transcripción.) Y en realidad, a esos extremos se refiere la sentencia apelada, en la que no se trata la cuestión de si el recurrente había sido, o no, debidamente excusado.

Seguramente es de lamentar que los límites estrictos del procedimiento de *certiorari,* no nos permitan entrar en el estudio y resolución de otra cuestión que la de jurisdicción o

de procedimiento. Este tribunal ha declarado que el *certiorari* no se ha establecido para hacer las veces de un recurso de apelación o de error, (*Hernández* v. *Corte de Distrito,* 17 D.P.R. 524; citando las decisiones en los casos *Hortensia Arribas* v. *Pedro Mirandés y Corte de Distrito, y Barreras y otros* v. *Aldrey, Juez de Distrito*) y que, "los autos de *certiorari* no pueden servir para revisar las sentencias en el fondo, sino para determinar si han sido dictadas dentro de las reglas que determinan la competencia de los jueces y si los procedimientos que la ley establece han sido o no cumplidos." *Axtmayer et al.* v. *Aldrey,* 14 D.P.R. 647, citado con aprobación en *Delgado et al.* v. *Soto Nussa, Juez,* en 18 D.P.R. 319, y en *López* v. *Córdova Dávila,* 18 D.P.R. 1.

En consecuencia, la sentencia se ajusta a los hechos y a la ley; y con esto decidimos en cuanto al quinto señalamiento de error.

*La sentencia apelada debe ser confirmada.*